UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IVAN HART,

        Plaintiff,                                   CIVIL ACTION NO. 12-14281

v.                                          DISTRICT JUDGE JOHN CORBETT O'MEARA

DANIEL HEYNS, et al.,                     MAGISTRATE JUDGE MARK A. RANDON

        Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS (DKT. NO. 9)

**I.   BACKGROUND**

This is a *pro se* prisoner civil rights case.  Plaintiff is confined at the Macomb Correctional Facility in New Haven, Michigan ("MCF").  Defendant Daniel Heyns is the Director of the Michigan Department of Corrections and Defendant Kenneth Romanowski is MCF's Warden (Dkt. No. 1 at 1) (collectively, "Defendants").  Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs and treated him differently than other prisoners by denying him surgery for a colostomy closure[1] and a hernia repair (*Id.* at 3).

Defendants' motion for dismissal is pending (Dkt. No. 9).  Plaintiff responded on February 28, 2013 (Dkt. No. 12).  Because Plaintiff does not allege Defendants' personal involvement in the denial of medical care, **IT IS RECOMMENDED** that Defendants' motion be **GRANTED**, and Plaintiff's lawsuit be **DISMISSED WITHOUT PREJUDICE**.

---

[1] A colostomy is the "surgical creation of an opening between the colon and the surface of the body." *Dorland's Illustrated Medical Dictionary* (31st Ed.) 2007, p. 394.

1

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 555 (internal citation omitted). Dismissal is appropriate if the plaintiff failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570. The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent

> with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id*. at 678. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

Complaints drafted by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers and will be liberally construed in determining whether the complaint fails to state a claim upon which relief could be granted. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for Plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.   APPLICABLE LAW AND ANALYSIS

### A. Plaintiff Fails to Allege Defendants' Personal Involvement

"In order to state a claim under § 1983 '[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant.'" *See Dunbar v. Caruso*, No. 1:11-CV-10123-DT, 2011 WL 3474004 at *4 (E.D. Mich. July 12, 2011) (citation omitted). Merely being aware of a prisoner's complaint and failing to take corrective action is insufficient to impose liability on supervisory personnel under § 1983. *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988), *cert. den.*, 488 U.S. 1007 (1989). The supervisor must have directly participated in the alleged wrongful conduct:

> [A] supervisory official's failure to, control, or train the offending individual is not actionable, unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it."

*Id.* Plaintiff's Complaint alleges:

> 9. The implementation of the practice of forcing Plaintiff to wait until his release when Dr. Miller who examined and evaluated Plaintiff recommended to Defendants to have the surgery done due to the Plaintiff['s] complaint of chronic pain violates [the Eighth and Fourteenth Amendments].
>
> 10. Defendants [showed a] deliberate indifference to Plaintiff['s] health needs when Doctor Norronha and Dr. Miller submitted to Defendants for their approval . . . the colostomy closure and hernia repair, which had been granted to similarly situated prisoners at [MCF] who were sent to [an] outside hospital to have the surgery performed which denied Plaintiff . . . equal protection . . . when Defendants intentionally discriminated against . . . Plaintiff.
>
> 11. Defendants, all acting in concert, . . . intentionally violated Plaintiff['s] 8th and 14[th] Amendment rights.
>
> 12. There is no reasonable rational basis for treating Plaintiff differently from other prisoners who Defendants authorized and approved for the surgery to be performed.

13. On information and belief, Defendants have not rejected other prisoners who [d]octors have requested that the surgery be performed[.]

14. Defendants['] actions [of] carrying out this deliberate indifference and discriminatory practice will impose a chilling effect on Plaintiff['s] health of being subjected to the pain and suffering daily.

(Dkt. No. 1 at 3-4). The fact that Defendants knew Plaintiff needed surgery is insufficient to impose liability under § 1983, and – other than Plaintiff's conclusory allegation of concerted activity – there is no allegation that Defendants encouraged or directly participated in the denial of surgery.

Plaintiff's affidavit also confirms the lack of Defendants' personal involvement: Plaintiff says he spoke to Warden Romanowski about his medical condition and Romanowski said "he would contact Director Heyns to see if he could get . . . *those in charge of Medical Healthcare to approve . . . the surgery*" (Dkt. No. 12; Ex. 1, Plaintiff's Affidavit) (Emphasis added). Plaintiff's claims against Defendants should be dismissed.

### B. The Unserved and Unnamed Defendants Should be Dismissed

As to the remaining John Doe and Richard Doe defendants, it is recommended that they be dismissed without prejudice. "An inmate who brings a civil rights complaint must specifically identify each defendant against whom relief is sought and must give each defendant notice of the action by serving upon him a summons and copy of the complaint." *Reed-Bey v. Pramstaller*, No. 06-10934, 2007 WL 2421422 at *2 (E.D. Mich. Aug. 23, 2007) (citing *Feliciano v. DuBois*, 846 F.Supp. 1033, 1048 (D. Mass. 1994)). Under Fed. R. Civ. P. 4(m), defendants must be served within 120 days of filing the complaint. Here, Plaintiff has failed to identify or serve the John and Richard Doe defendants and this case has been pending for over 120 days (since September of 2012); thus, dismissal is proper. *See Mackall v. Doe*, No. 05-

60083-AA, 2005 WL 1843449 at *1 (E.D. Mich. July 29, 2005) (citing *Awdish v. Pappas*, 159 F.Supp.2d 672, 673 n.1 (E.D. Mich. 2001) and *Johnson v. City of Ecorse*, 137 F.Supp.2d 886, 892 (E.D. Mich. 2001)). This Report and Recommendation will serve as notice to Plaintiff under Rule 4(m).

## IV. CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that Defendants' motion be **GRANTED**, and Plaintiff's lawsuit be **DISMISSED WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *See McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this Magistrate Judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. *See* E.D. Mich. LR 72.1(d)(3), (4).

                                                s/Mark A. Randon
                                                MARK A. RANDON

                                              UNITED STATES MAGISTRATE JUDGE

Dated: March 7, 2013

### Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, March 7, 2013, electronically and by first class mail.*

                                    *s/Eddrey Butts*
                                  *Acting Case Manager to Magistrate Judge Mark A. Randon*